No. _____ CR 09 01168 JF PVT

# UNITED STATES DISTRICT COURT

FILED

## NORTHERN DISTRICT OF CALIFORNIA 3: 14

2009 DEC -9

*SAN JOSE DIVISION*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

SEALED BY ORDER
OF THE COURT

## THE UNITED STATES OF AMERICA
*vs.*

## JAMES NELSEN and JANE NELSEN

# INDICTMENT

**COUNT ONE**: 18 U.S.C. Section 157(3) - Bankruptcy Fraud
**COUNT TWO**: 18 U.S.C. Section 157(1) - Concealment of Assets
**COUNT THREE**: 18 U.S.C. Section 371- Conspiracy
**COUNT FOUR THROUGH SIX**: 18 U.S.C. Section 1343 - Wire Fraud
**COUNT SEVEN THROUGH NINE**: 18 U.S.C. Section 1957(a)- Engaging in Monetary
Transactions in Property Derived from Specified Unlawful Activity

*A true bill.*

_____
*Foreperson*

*Filed in open court this* __9__ *day of* __Dec__

*A.D.* 2009

_____
*UNITED STATES MAGISTRATE JUDGE*

*Bail.* $ No Bail Arrest Warrant

DOCUMENT NO

CSA's
INITIALS

DISTRICT COURT
CRIMINAL CASE PROCESSING

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

FILED

2009 DEC -9 P 3: 14

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

SEALED BY ORDER
OF THE COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

CR-09 01168 PVT

                    Plaintiff,

        v.

JAMES NELSEN, and
JANE NELSEN,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

VIOLATIONS: 18 U.S.C. § 157(3) –
Bankruptcy Fraud; 18 U.S.C. § 152(1) –
Concealment of Assets; 18 U.S.C. § 371 –
Conspiracy; 18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. § 1957(a) – Engaging in Monetary
Transactions in Property Derived from
Specified Unlawful Activity;18 U.S.C. §§
981(a)(1)(D)(vi) and 28 U.S.C. § 2461(c) –
Criminal Forfeiture

SAN JOSE VENUE

## I N D I C T M E N T

The Grand Jury charges:

### Background and Parties

At all times relevant to this Indictment:

1.      James Nelsen was an attorney licensed to practice law in California.  His practice specialty was bankruptcy law.

2.      Jane Nelsen was married to James Nelsen.

3.      When a person files for bankruptcy, his or her property, generally speaking, becomes an asset of the bankruptcy estate, subject to the supervision of the bankruptcy court.

**INDICTMENT**

1  One of the roles of the bankruptcy court is to ensure that assets of the estate are preserved for the

2  benefit of creditors, and that those assets are not dissipated.

3      4.    A bankruptcy proceeding under Chapter 13 enables individuals with regular

4  income to develop a plan to repay all or part of their debts by proposing a repayment plan to

5  make installments to creditors over three to five years.  During repayment, creditors are

6  forbidden from starting or continuing collection efforts.

7      5.    A bankruptcy proceeding under Chapter 7 empowers the bankruptcy trustee to

8  gather and sell the debtor's nonexempt assets and use the proceeds of such assets to pay holders

9  of claims (creditors) in accordance with the provisions of the Bankruptcy Code.  Part of the

10  debtor's property may be subject to liens and mortgages that pledge the property to other

11  creditors.  In addition, the Bankruptcy Code allows the debtor to keep certain "exempt" property;

12  but a trustee will liquidate the debtor's remaining assets.

13  The Scheme and Artifice to Defraud

14      6.    On February 23, 2005, James Nelsen filed for Chapter 13 bankruptcy protection.

15  During the bankruptcy proceedings, James Nelsen notified the bankruptcy court that he would

16  seek to sell property located at 105 East Alisal Street, Salinas, California ("office

17  condominium").  James Nelsen claimed that the office condominium was owned in equal shares

18  by his wife, Jane Nelsen, and himself.

19      7.    On March 29, 2006, James Nelsen filed a motion in bankruptcy court

20  requesting to sell the office condominium outside of the bankruptcy proceedings, that is, free of

21  any judicial lien.  He claimed as justification that the office condominium was encumbered by a

22  deed of trust to his parents-in-law, Peter and Marjorie Kurle, in such a way that at the completion

23  of its sale, no money would remain to pay creditors.  On April 16, 2006, the bankruptcy court

24  granted this motion.

25      8.    On the same date, March 29, 2006, Peter and Marjorie Kurle sent a letter to the

26  escrow company stating that they were owed no money pursuant to their deed of trust on the

27  office condominium.

28  //

**INDICTMENT**          2

9.     On April 27, 2006, James Nelsen and Jane Nelsen sent disbursement instructions to the escrow company instructing the escrow company to disburse proceeds from the sale of the office condominium solely to Jane Nelsen.

10.     On May 12, 2006, the sale of the office condominium closed and sale proceeds in the amount of $224,789.38 were wired to a bank account controlled by Jane Nelsen.

11.     Upon receiving the $224,789.38 in her bank account, Jane Nelsen did not transfer any of the funds to her parents to pay the purported debt owed to them, nor did she make any portion of the funds available to the bankruptcy estate.

12.     Instead, after receiving the funds in her bank account, Jane Nelsen engaged in the following transactions using those funds:

a.     On May 12, 2006, Jane Nelsen wired $118,000 from her First National Bank of Cental California to First American Title Company in Sunrise, Florida, to make a payment toward the purchase of a vacation condominium in Puerto Vallarta, Mexico.

b.     On May 15, 2006, Jane Nelsen wrote a check payable to James Nelsen drawn from her First National Bank of Cental California account in the amount of $50,000.

c.     On May 22, 2006, Jane Nelsen wired $27,879.39 from her First National Bank of Central California account to Triad Financial Corporation, with its banking operations at Mellon Bank, located in Pittsburgh, Pennsylvania, to pay off the outstanding balance on her automobile loan.

Interstate Nexus

13.     Stewart Title of California, Inc. managed the escrow account throughout the sale of the office condominium. Stewart Title of California, Inc. maintained the escrow bank account with First National Bank of Central California, with headquarters in Goleta, California.

14.     Jane Nelsen maintained a bank account, entitled Jane Ellen Nelsen dba The Lawyers's Wife, with First National Bank of Central California, with headquarters in Goleta, California.

15.     Electronic wire transfers from First National Bank of Central California utilized a domestic electronic funds transfer system, known as the Fedwire system, which is owned and

**INDICTMENT**                                    3

1   operated by the United States Federal Reserve System. All Fedwire wires were routed through

2   Fedwire offices in East Rutherford, New Jersey.

3       16.     Therefore, the wire transfer executed on May 12, 2006, from Stewart Title of

4   California, Inc. in the amount of $224,789.38 originated in Goleta, California, traveled to East

5   Rutherford, New Jersey, and arrived in Jane Nelson's bank account with First National Bank of

6   Central California in Goleta, California. Similarly, the wire transfer executed by Jane Nelson on

7   May 12, 2006 originated in Goleta, California, and passed though East Rutherford, New Jersey,

8   before arriving at First American Title Company's offices in Sunrise, Florida. Finally, the wire

9   transfer executed by Jane Nelson on May 22, 2006, to pay off her automobile loan held by Triad

10  Financial Corporation, also traveled in interstate commerce between California and

11  Pennsylvania.

12

13  COUNT ONE: (18 U.S.C. § 157(3) - Bankruptcy Fraud)

14      17.     Paragraphs 1 through 16 are realleged and incorporated as if fully set forth here.

15      18.     On or about March 29, 2006, in the Northern District of California, and

16  elsewhere, the defendant,

17                          JAMES NELSEN,

18  having devised and intending to devise a scheme and artifice to defraud as to a material matter,

19  and for the purpose of executing and concealing such scheme and artifice, did knowingly and

20  willfully make a false and fraudulent representation concerning a proceeding then pending under

21  Title 11 of the United States Code, in that he falsely advised the bankruptcy court that there

22  would be no funds available to pay creditors after the office condominium was sold, when in

23  truth and in fact, he intended to divert the proceeds of that sale to his wife and himself and

24  thereby deny his creditors any benefit from those funds;

25      All in violation of Title 18, United States Code, Section 157.

26  //

27  //

28  //

**INDICTMENT**                          4

COUNT TWO: (18 U.S.C. § 152(1) - Concealment of Assets)

19. Paragraphs 1 through 16 are realleged and incorporated as if fully set forth here.

20. On or about March 29, 2006, in the Northern District of California, and elsewhere, the defendant,

JAMES NELSEN,

did, in connection with a case under Title 11 of the United States Code, knowingly and fraudulently conceal from creditors and the United States Trustee, certain property belonging to the estate of a debtor, namely, the proceeds from the sale of an office condominium located at 105 East Alisal Street, Salinas, California;

All in violation of Title 18, United States Code, Section 152(1).

COUNT THREE: (18 U.S.C. § 371 - Conspiracy)

21. Paragraphs 1 through 16 are realleged and incorporated as if fully set forth here.

22. On or about and between February 23, 2005 and September 1, 2009, in the Northern District of California, and elsewhere, the defendants,

JAMES NELSEN and
JANE NELSEN,

in connection with a case under Title 11 of the United States Code, did knowingly and intentionally conspire and agree with one another fraudulently and knowingly to conceal from creditors and the United States Trustee, certain property belonging to the estate of a debtor, namely, the proceeds from the sale of an office condominium located at 105 East Alisal Street, Salinas, California.

Overt Acts Committed in Furtherance of the Conspiracy

23. On March 29, 2006, James Nelsen filed a motion in Bankruptcy Court for an order authorizing the sale of the office condominium free of any judicial lien.

24. On April 27, 2006, James and Jane Nelsen provided disbursement instructions to Stewart Title requesting that proceeds from the sale of the office condominium be wired to First National Bank, payable only to Jane Nelsen.

INDICTMENT                                     5

25.     On May 12, 2006, Jane Nelsen wired $118,000 from her First National Bank of Cental California to First American Title Company in Sunrise, Florida, to make a payment toward the purchase of a vacation condominium in Puerto Vallarta, Mexico.

26.     On May 15, 2006, Jane Nelsen wrote a check payable to James Nelsen drawn from her First National Bank of Cental California account in the amount of $50,000.

27.     On May 22, 2006, Jane Nelsen wired $27,879.39 from her First National Bank of Central California account to Triad Financial Corporation, with headquarters in North Richland Hills, Texas, to pay off the outstanding balance on her automobile loan.

All in violation of Title 18, United States Code, Section 371.

COUNTS FOUR THROUGH SIX: (18 U.S.C. § 1343 - Wire Fraud)

28.     Paragraphs 1 through 16 are realleged and incorporated as if fully set forth here.

29.     On or about the dates listed below, in the Northern District of California, and elsewhere, the defendants,

JAMES NELSEN and<br>
JANE NELSEN,

having devised and intending to devise a scheme and artifice (A) to defraud as to a material matter, and (B) to obtain money by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, did knowingly cause to be transmitted by a wire communication certain writings, signs, signals, and pictures, namely, the following:

| Count | Date | Wired From | Wired To | Amount | Fraudulent Expense |
|---|---|---|---|---|---|
| 4 | 5/12/06 | Stewart Title | First National Bank of Central California | $224,789.38 | Proceeds from sale of office condo wired to Jane Nelson's bank account |
| 5 | 5/12/06 | First National Bank of Central California | First American Title Co., Sunrise, Florida | $118,000 | wire transfer toward purchase of vacation condo in Puerto Vallarta, Mexico |

| 6 | 5/22/06 | First National Bank of Central California | Triad Financial, North Richland Hills, Texas | $27,879.39 | wire transfer to pay balance of Jane Nelson's automobile loan |
|---|---|---|---|---|---|

All in violation of Title 18, United States Code, Section 1343.

COUNTS SEVEN THROUGH NINE: (18 U.S.C. § 1957(a) - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

30.     Paragraphs 1 through 16 are realleged and incorporated as if fully set forth here.

31.     On or about the dates listed below, in the Northern District of California, and elsewhere, the defendants,

JAMES NELSEN,
and JANE NELSEN,

did knowingly engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, said property having in fact been derived from specified unlawful activity, namely, wire fraud:

| Count | Date | Amount | Transaction |
|---|---|---|---|
| 7 | 5/12/06 | $118,000 | wire to First American Title Co. |
| 8 | 5/15/06 | $ 50,000 | check to James Nelsen |
| 9 | 5/22/06 | $ 27,879.39 | wire to Triad Financial Corp. |

All in violation of Title 18, United States Code, Section 1957.

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(D)(vi) and 28 U.S.C. § 2461(c) – Forfeiture of Proceeds of Wire Fraud)

32.     The factual allegations contained in Counts Four through Six of this Indictment are re-alleged and by this reference fully incorporated here for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(D)(vi) and 28 U.S.C. 2461(c).

33.     Upon a conviction of any of the offenses alleged in Counts Four through Six, the defendants,

JAMES NELSEN
and JANE NELSEN,

INDICTMENT                                    7

1   shall forfeit to the United States all property, constituting and derived from proceeds traceable to

2   said offense, including but not limited to the following property:

3          (a)    **Money Judgment**: a sum of money equal to $224,789.38, representing the

4   gross proceeds obtained as a result of the offense.

5          (b)    **Vacation Condominium:** Ventana Del Mar Unit # 4, Puerto Vallarta,

6   Mexico.

7          (c)    **Automobile:** 2003 Lincoln Aviator

8   34.    If any of said property, as a result of any act or omission of the defendants –

9          (a)    cannot be located upon the exercise of due diligence;

10         (b)    has been transferred or sold to or deposited with, a third person;

11         (c)    has been placed beyond the jurisdiction of the Court;

12         (d)    has been substantially diminished in value; or

13         (e)    has been commingled with other property which cannot be subdivided
               without difficulty;

14

15   any and all interest defendants have in other property shall be vested in the United States and

16   forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as

17   incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules

18   of Criminal Procedure.

19   DATED:                                        A TRUE BILL

20

21

22                                                FOREPERSON

23   JOSEPH P. RUSSONIELLO
     United States Attorney
24

25

26   DAVID R. CALLAWAY
     Chief, San Jose Branch Office
27

28   (Approved as to form: _____ )
                    AUSA Schenk

INDICTMENT                                        8

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

18 U.S.C. § 157(3) - Bankruptcy Fraud; 18
U.S.C. § 152(1) - Concealment of Assets; 18
U.S.C. § 371 - Conspiracy; 18 U.S.C. § 1343 -
Wire Fraud; 18 U.S.C. § 1957(a) - Monetary
Transaction from S.U.A.; and Forfeiture

☐ Petty
☐ Minor
☐ Misde-
  meanor
☐ Felony

PENALTY:
See Attachment

SEALED BY ORDER
OF THE COURT

**DEFENDANT - U.S** 2009 DEC -9 P 3:14

◄ JAMES NELSEN   RICHARD W. WIEKING
  CLERK U.S. DISTRICT COURT
DISTRICT COURT NUMBER   N.D. CA. SAN JOSE

JF

CR-09  01168 PVT

### PROCEEDING

**Name of Complainant Agency, or Person (&Title, if any)**
Federal Bureau of Investigations

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM       JOSEPH P. RUSSONIELLO

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)       JEFFREY B. SCHENK

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons
   was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☑ State

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes    If "Yes"
been filed?    ☐ No      give date
                         filed

DATE OF
ARREST                   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED         Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: no bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:

Before Judge:

Comments:

Maximum Penalties for JAMES NELSEN

<u>Count One</u> - 18 U.S.C. § 157(3) - Bankruptcy Fraud

5 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

<u>Count Two</u> - 18 U.S.C. § 152(1) - Concealment of Assets

5 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

<u>Count Three</u> - 18 U.S.C. § 371 - Conspiracy

5 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

<u>Counts Four through Six</u> - 18 U.S.C. § 1343 - Wire Fraud

20 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

<u>Counts Seven through Nine</u> - 18 U.S.C. § 1957(a) - Engaging in Monetary Transaction in
Property Derived from Specified Unlawful Activity

10 years imprisonment
$250,000 fine, or twice the amount of the criminally derived property involved in the transaction
3 years supervised release
$100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED

### OFFENSE CHARGED

18 U.S.C. § 371 - Conspiracy;
18 U.S.C. § 1343 - Wire Fraud;
18 U.S.C. § 1957(a) - Monetary Transaction
from S.U.A.;
Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

SEALED BY ORDER OF THE COURT

PENALTY:
See Attachment

DEFENDANT - U.S.

2009 DEC -9 P 3: 14

▶ JANE NELSEN

RICHARD W. WIEKING
DISTRICT COURT NUMBER   CLERK U.S. DISTRICT COURT
N.D. CA. SAN JOSE

CR - 09   01168 JF
PVT

### PROCEEDING

**Name of Complainant Agency, or Person (&Title, if any)**
Federal Bureau of Investigations

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40. Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on
   motion of:
   ☐ U.S. Att'y   ☐ Defense

SHOW
DOCKET NO.

☐ this prosecution relates to a
   pending case involving this same
   defendant

☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding
   this defendant were recorded under

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM        **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)        JEFFREY B. SCHENK

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding.
       If not detained give date any prior summons
       was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other
     charges          }  ☐ Fed'l  ☑ State

     If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No    give date
                       filed

Month/Day/Year

**DATE OF
ARREST** ▶

Or... if Arresting Agency & Warrant were not
Month/Day/Year

**DATE TRANSFERRED
TO U.S. CUSTODY** ▶

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☑ WARRANT   Bail Amount: no bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
                                         or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

Date/Time:

Before Judge:

Comments:

Maximum Penalties for JANE NELSEN

Count Three - 18 U.S.C. § 371 - Conspiracy

5 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

Counts Four through Six - 18 U.S.C. § 1343 - Wire Fraud

20 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

Counts Seven through Nine - 18 U.S.C. § 1957(a) - Engaging in Monetary Transaction in
Property Derived from Specified Unlawful Activity

10 years imprisonment
$250,000 fine, or twice the amount of the criminally derived property involved in the transaction
3 years supervised release
$100 special assessment