1  VICKI H. YOUNG
   Law Offices of Vicki H. Young
2  706 Cowper Street, Suite 205
   Palo Alto, California 94301                                E-FILED on 10/10/12
3
   Telephone (415) 421-4347
4
   Counsel for Defendant James Nelsen
5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11  UNITED STATES OF AMERICA,           )      No. CR 09-01168 RMW
                                        )
12         Plaintiff,                    )      STIPULATION TO CONTINUE
                                        )      MOTIONS DATE AND VACATE STATUS
13         vs.                           )      DATE; [] ORDER
                                        )
14  JAMES NELSEN,                        )
                                        )
15         Defendant.                    )
    _____)
16

17        It is hereby stipulated between the United States of America, by and through Assistant

18  United States Attorney Jeffrey Schenk and defendant James Nelsen through his counsel Vicki H.

19  Young, that October 9, 2012, hearing date on the Motion for Order Permitting Involuntary

20  Administration of Medication to Restore Competency to Stand Trial filed by AUSA Jeffrey B.

21  Schenk be continued to a status date on Monday. 'Pqxgodgt'7, 2012, at 9:00 a.m.  The reason for this

22  continuance is that the motion was filed on September 14, 2012, two days day before defense

23  counsel left for a ten day vacation.  Defense counsel returned to the office on Thursday October 27,

24  2012.  Defense counsel has sent a copy of the BOP evaluation to the psychiatrist who performed the

25  initial evaluation for his review.  She does not know how much time the defense expert will require

26  to review the BOP report.  She also needs the time to obtain the CJA funding necessary for the

    defense evaluation of the BOP report.  A continuance for a status date on Pqxgodgt'7, 2012, will

                                       - 1 -

1  provide defense counsel sufficient time to determine what needs to be done and and how much time

2  she will require to be prepared for an evidentiary hearing on the motion.

3      It is further stipulated that the status date of October 15, 2012, be vacated.

4      The parties stipulate that the period up to and including P qxgo dgt'7, 2012, is excludable time

5  under the Speedy Trial Act, 18 U.S.C. §3161(h); and the basis for such exclusion is that the motion

6  for involuntary medication is still pending,  18 U.S.C. § 3161(h)(1)(F) as well as the need for

7  additional time for effective preparation for the motion by defense counsel. 18 U.S.C.

8  §3161(h)(8)(B)(iv).

9      It is so stipulated.

10  Dated:      October 3, 2012            Respectfully submitted,

11

12                      /s/

13                      VICKI H. YOUNG, ESQ.
                    Counsel for James Nelsen

14  Dated:      October 3, 2012            MELINDA S. HAAG
                    United States Attorney

15

16

17                      /s/
                    JEFFREY B. SCHENK
                    Assistant United States Attorney

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**[] ORDER**

GOOD CAUSE BEING SHOWN, the hearing date for the Motion for Order Permitting Involuntary Administration of Medication filed by AUSA Jeffrey Schenk is continued to a status date on P qxgo dgt'7, 2012, at 9:00 a.m.

The status date of October 15, 2012, is vacated.

Under Title 18 U.S. C. §3161(h)(8)(B(iv), the Court finds that this continuance is necessary to allow defense counsel the reasonable time necessary for effective preparation of the defense taking into the account the exercise of due diligence and to permit continuity of counsel.

Therefore the ends of justice served by such a continuance outweigh the best interest of the public and the defendants in a Speedy Trial within the meaning of Title 18 U.S.C. §3161(h)(8)(A).

As required by 18 U.S.C. §3161 (h)(8)(B(iv), this Court finds that the reason that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial are the denial of the continuance would unreasonably deny the defendant reasonable time necessary for effective preparation of the pretrial motions and defense, taking into account the exercise of due diligence, and would deny the defendant continuity of counsel.  18 U.S.C. §3161(h)(8)(B)(iv).

IT IS SO ORDERED.

DATED:  F€ŦŦG

_____
RONALD M. WHYTE
Senior U.S. District Judge

.